# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9297 | **DATE** | 4/29/2004 |
| **CASE TITLE** | Patton vs. Harvat | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    Status hearing held and continued to 6/17/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, defendants' motion to dismiss is granted. Patton's ADA claim is dismissed with prejudice. Patton's Section 1983 claim is dismissed without prejudice, and Patton's claims against Harvat are dismissed without prejudice. Enter Memorandum Opinion and Order. Plaintiff's motion for an appointment of counsel [5-1] is granted. The Court appoints Benjamin Nwoye, Mendoza & Nwoye, 180 N. Michigan, Suite 1900, Chicago, Illinois, 60601, (312) 658-1660, to represent the plaintiff.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT | | 13 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | MF | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
APR 3 0 2004

ETTOY PATTON, )
)
    Plaintiffs, )
) No. 03 C 9297
v. )
)
DEBBIE HARVAT and ) Judge John W. Darrah
TABOR HILLS HEALTHCARE FACILITY, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ettoy Patton, commenced an action, *pro se*, against Defendants, Debbie Harvat and Tabor Hills Healthcare Facility, alleging her employment was terminated in violation of the American with Disabilities Act and Title VII of the Civil Rights Act of 1964. Before this Court is Defendants' Motion to Dismiss. Patton did not file a response to Defendants' motion.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of Patton's Complaint and Charge of Discrimination with the Equal Employment Opportunity Commission supports the following summary of the alleged conduct of the parties.

On August 21, 2003, Patton filed a Charge of Discrimination with the EEOC. Patton's charge, in its entirety reads:

> I was hired by the Respondent on May 21, 2002. I was employed as a C.N.A. On May 12, 2003, I was discharged.

13

> I believe that I have been discriminated against on the basis of my
> race, Black, in violation of Title VII of the Civil Rights Act of 1964,
> as amended.

In her EEOC charge, Patton checked the box for race discrimination; she did not check any other box, including the boxes for discrimination based on age. On October 6, 2003, Patton received a Dismissal and Notice of Right to Sue from the EEOC.

On December 23, 2003, Patton filed a *pro se* Complaint of Employment Discrimination in which she indicated that she was discriminated against because of her color, race, and disability. Patton also alleges that she is suing a state or local agency pursuant to 42 U.S.C. § 1983. In the section for facts supporting her claim, Patton stated,

> The defendant discriminated against the plaintiff because of a past
> injury which the plaintiff had orders from doctor not to do anything
> but light duty. After injury was healed defendant let the plaintiff
> work another month and a half before termination.

Defendants argue that Patton's ADA claim should be dismissed because Patton failed to exhaust her administrative remedies for this claim.

Title VII plaintiffs must initially bring a charge with the appropriate administrative body, *i.e.*, EEOC, EEO, before pursuing a claim in federal court; and, thus, Title VII claims cannot be brought if they were not included in the plaintiff's EEOC complaint. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985) (*Babrocky*). An exception to this general rule, which allows a claim not included in the EEOC complaint to be pursued in federal court, exists when that subsequent claim is "reasonably related" to the claim that was included in the EEOC charge. *Babrocky*, 773 F.2d at 864. To be reasonably related, a factual relationship must exist between both claims; specifically, a claim in a Title VII plaintiff's complaint and an EEOC charge are reasonably related when the

2

subsequent claim can be reasonably expected to be developed from an investigation of the allegations in the EEOC charge. *Cheek v. Western and Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994).

Courts will give Title VII *pro se* plaintiffs leeway in regards to the administrative specificity requirement in EEOC complaints. The basis for this liberal construction is to give *pro se* plaintiffs leeway by construing their allegations in light of the strongest arguments that they may suggest when deciding whether the claims in the complaint are encompassed by the EEOC charge. *Hudson v. McHugh,* 148 F.3d 859, 864 (7th Cir. 1998).

Here, Patton only alleged that her employment was terminated because of her race in her EEOC charge. There is no discussion or even mention of any type of disability within the EEOC charge, and a claim for disability discrimination cannot be reasonably expected to be developed from an investigation of the allegations in the EEOC charge.

Accordingly, Patton's ADA claim is dismissed with prejudice.

Defendants next argue that Patton's Section 1983 claim should be dismissed for failure to state a claim for which relief may be granted.

A Section 1983 cause of action requires a plaintiff to plead that she was deprived of a right secured by the Constitution or a federal law at the hands of someone acting under color of law. *See Hanania v. Loren-Maltese,* 212 F.3d 353, 356 (7th Cir. 2000). The requirement that someone act "under color of law", also referred to as "state action," "preserves an area of individual freedom by limiting the reach of federal law and federal judicial power." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 (1982) (*Lugar*). Accordingly, the alleged conduct causing the deprivation of a federal right must be fairly attributable to the state. *Lugar,* 457 U.S. at 937. To be fairly attributable to the state,

the deprivation must (1) be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the state is responsible and (2) the party charged with the deprivation must be fairly said to be a state actor. *Lugar*, 457 U.S. at 937. An individual may be considered a state actor if he is a state official, if he has acted together with or has obtained significant aid from state officials, or if his conduct is otherwise chargeable to the state. *Lugar*, 457 U.S. at 937.

In the instant case, there are no allegations of state action or that any of the Defendants are state officials, acted with or obtained significant aid from state officials or that their conduct be chargeable to the State. Accordingly, Patton has failed to plead a Section 1983 claim; and such claim is dismissed without prejudice. *See Lugar*, 457 U.S. at 937.

Lastly, Harvat seeks to have Patton's claims against her because, as Patton's supervisor, she has no personal liability under Title VII or the ADA.

Both Title VII and the ADA make it unlawful for an "employer" or its "agents" to engage in discrimination prohibited by those laws. An employee's supervisors or managers, in their individual capacities, do fall within the definition of "employer" or its 'agents" under either Title VII or the ADA. *See Williams v. Banning*, 72 F.3d 552, 553-54 (7th Cir. 1995) (*Williams*). Accordingly, individual supervisors and managers have no personal liability under Title VII or the ADA. *See Williams*, 55 F.3d at 553-54.

Here, Patton does indicate the status of Harvat. However, she does not dispute that Harvat was her supervisor at Tabor Hills Healthcare Facility. Accordingly, Patton's claims against Harvat are dismissed without prejudice.

4

Based on the above, Defendants' Motion to Dismiss is granted. Patton's ADA claim is dismissed with prejudice; Patton's Section 1983 claim is dismissed without prejudice, and Patton's claims against Harvat are dismissed without prejudice.

Dated: April 29, 2004

JOHN W. DARRAH
United States District Judge